IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| RON BECKMAN, individually and on behalf of all others similarly situated, | ) ) ) ) | CV 05-30-M-LBE |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

    Plaintiff Beckman brings this diversity action asserting claims arising under the Declaratory Judgment Act, 28 U.S.C. § 2201.  Plaintiff seeks a declaratory judgment that Defendant State Farm is obligated to stack the medical payment coverages from his various policies in paying a claim related to expenses from an auto accident on April 10, 2003.

    United States Magistrate Judge Leif B. Erickson entered Findings and Recommendation concluding that the Court should decline to exercise its discretion to hear this declaratory judgment action and that the case should be dismissed without prejudice.  The Plaintiff did not timely object and so has waived

-1-

his right to de novo review of the record.  28 U.S.C. § 636(b)(1).  This Court will review the Findings and Recommendation for clear error.  McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).  Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed."  United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Erickson's recommendation weighed each of the factors for consideration in deciding whether to exercise the discretion to hear a declaratory judgment action, as set forth in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942), and elaborated upon in Government Employees Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998).  Of particular importance to Judge Erickson, and to this Court, is the first Brillhart factor, counseling against a federal district court's needless determination of state law issues, in this case issues relating to insurance coverage.  Based on that factor, and on the availability of various remedies in state court, Judge Erickson recommended dismissal of the case without prejudice.  I can find no clear error with Judge Erickson's recommendation, and therefore adopt it in full.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed without prejudice.

DATED this 23rd day of May, 2006.

_____
DONALD W. MOLLOY, Chief Judge
United States District Court